**11 CV 1440**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GERALDINE DAVIS,

                          Plaintiff,

       -against-

ENHANCED RECOVERY COMPANY, LLC.

                          Defendant.

------------------------------------------------------------------X

Civil Action

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

RECEIVED
MAR 0 2 2011
U.S.D.C. S.D. N.Y.
COMPLETED

      Plaintiff GERALDINE DAVIS ("Plaintiff"), by and through their attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for its Complaint against the Defendant ENHANCED RECOVERY COMPANY, LLC. ("Defendant" and/or "ERC") respectfully sets forth, complain and alleges, upon information and belief, the following:

<u>**PRELIMINARY STATEMENT**</u>

      1.      Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and New York State General Business Law §349.

<u>**PARTIES**</u>

      2.      Plaintiff is a resident of the State of New York, residing at 35 Cerone Pl., Apt 502 Newburgh, NY 12550.

      3.      Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4.     Defendant ERC is a Florida Limited Liability Corporation engaged in business of collecting debts with its principal place of business located at 8014 Bayberry Rd., Jacksonville, FL 32256.

5.     ERC is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6)

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7.     The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10.     On information and belief, on a date better known to the Defendant, Defendant began collecting an alleged consumer debt ("the alleged debt") from Plaintiff on behalf of a third-party.

11.     The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12.     On information and belief, on a date better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff by calling the Plaintiff and leaving a message on her telephone on January 5, 2011 ("Message").

13.     Defendant's Message is the following: "Hello, this message is for Devin Answer. If you are not this person, please delete this message as it is not for you. This is Kelsey with Enhanced Recovery Company. We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at 800-278-2420 and have the following reference number 28586380."

14.     Defendant calls Plaintiff at telephone number 845-569-4491.

15.     Telephone number 845-569-4491 is registered in the name of and belongs to Plaintiff. Plaintiff pays the bill related to that telephone number and service.

16.     Defendant constantly and continuously places telephone calls to Plaintiff disclosing its company/corporate/employer name and identity as a debt collector without prior express request from Plaintiff.

17.     Plaintiff does not owe the alleged debt nor does Plaintiff have any business relationship or financial obligation with Defendant.

18.     At no time did Plaintiff agree to assume Devin Answer's obligations.

19.     At no time did Plaintiff sign any contract or other agreement obligating her on any debt allegedly incurred by Devin Answer and allegedly due to ERC.

20.     Devin Answer did not authorize Defendant to communicate with Plaintiff or any third-party.

21.     No court authorized Defendant to communicate with Plaintiff or any other third-party.

22.     Plaintiff has previously told Defendant that Devin Answer does not live with Plaintiff, cannot be reached at telephone number 845-569-4491, and Plaintiff does not have contact information for Devin Answer.

23.     Defendant's Message violated 15 U.S.C. §1692b and §1692c(b) which restricts and prohibits communications with third parties by disclosing to the Plaintiff information regarding a debt collection regarding Devin Answer on the voicemail system belonging to Plaintiff when the Defendant is prohibited from such contacts.

24.     Defendant's Message violated 15 U.S.C. §1692b(1) and §1692c(b) which restricts and prohibits communications with third parties by communicating with Plaintiff, a person other than the consumer, when Defendant's debt collector Kelsey identified her employer as "Enhanced Recovery Company" on Plaintiff's voicemail system without expressly requesting this information from Defendant.

25.     Defendant's Message violated 15 U.S.C. §1692b(2) and §1692c(b) which restricts and prohibits communications with third parties by communicating with Plaintiff, a person other than the consumer, when Defendant's debt collector Kelsey stated that Devin Answer owed a debt on Plaintiff's voicemail system.

26.     Defendant's Message violated 15 U.S.C. §1692b(3) and §1692c(b) which restricts and prohibits communications with third parties by communicating with Plaintiff, a person other than the consumer, when Defendant communicated with Plaintiff more than once without expressly requesting that Defendant do so nor does Defendant have reason to believe previous information is erroneous or incomplete and that Plaintiff now has correct or complete location information.

27.     Defendant violated 15 U.S.C. §1692d-preface and (5); §1692e-preface and (10); and §1692f-preface in harassing Plaintiff, a third party, by continuously placing telephone calls to the telephone of Plaintiff when Defendant has reason to know Devin Answer cannot be

reached on Plaintiff's telephone with the natural consequence of being deceptive, misleading, unfair, and harassing toward Plaintiff.

28.     Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendant's harassment and actions.

29.     Defendant violated the FDCPA.

30.     Due to Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

31.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32.     Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

a.     15 U.S.C. §1692b.

b.     15 U.S.C. §1692c(b).

c.     15 U.S.C. §1692d-preface and (5).

d.     15 U.S.C. §1692e-preface and (10).

e.     15 U.S.C. §1692f-preface.

33.     As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

34.    Plaintiff repeats, reiterates and incorporates the allegations contained in

paragraphs numbered "1" through "33" herein with the same force and effect as if the same were

set forth at length herein.

35.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

a.    The Defendant violated NYS Gen. Bus. Law §349(a).

36.    As a result of Defendant's above violations of the New York General Business

Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York

General Business Law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff GERALDINE DAVIS demands judgment from the Defendant

ENHANCED RECOVERY COMPANY, LLC. as follows:

A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); and

General Business Law §349.

B.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A);

and General Business Law §349.

C.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

D.    For attorneys' fees and costs provided and pursuant to 15 U.S.C.

§1692k(a)(3); and General Business Law §349.

E.    A declaration that the Defendant's practices violated the FDCPA; and

General Business Law §349.

F.    For any such other and further relief, as well as further costs, expenses and

disbursements of this action, as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff GERALDINE DAVIS hereby respectfully requests a trial by jury for all claims

and issues in its Complaint to which it is or may be entitled to a jury trial.

Dated:            New York, New York
               February 28, 2011

                               Respectfully submitted,

                               Allison D. Polesky, Esq. (AP5446)
                               LAW OFFICES OF ALLISON POLESKY, P.C.
                               511 Avenue of the Americas, Suite 712
                               New York, New York 10011
                               Phone:    (866) 479-9500
                               Facsimile: (866) 688-4300
                               Attorney for Plaintiff Geraldine Davis